IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Candice L. Smith,** *on behalf of herself and all others similarly situated,* )<br>)<br>)<br>**Plaintiff,** )<br>**v.** )<br>)<br>**Huggins Metal Finishing, Inc.** )<br>**d/b/a Sullivan Precision Metal Finishing,** )<br>)<br>**Defendant.** )<br>) | Civil Action No. |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Candice L. Smith (hereinafter, "Plaintiff" or "Ms. Smith"), on behalf of herself and all others similarly situated, by and through counsel, and for her Complaint against Defendant Huggins Metal Finishing, Inc., d/b/a Sullivan Precision Metal Finishing (hereinafter "Defendant" or "Huggins"), states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this collective action against Defendant under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against Defendant for unpaid overtime compensation and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Candice Smith is an adult resident of Sullivan, Washington County, Missouri.

6. Defendant Huggins Metal Finishing, Inc., at all times material hereto, was a Missouri corporation in Franklin County, Missouri.

7. Huggins Metal Finishing, Inc. may be reached through its registered agent William Huggins, Jr., 995 North Service Road West, Sullivan, Missouri 63080.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

9. Defendant Huggins Metal Finishing, Inc. is incorporated in the State of Missouri and is subject to service of process in Missouri through its registered agent William Huggins, Jr. Therefore, this Court has personal jurisdiction over Huggins Metal Finishing, Inc.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

11. Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly-paid employees who were or are employed by Defendant for the period of three years prior to the commencement of this action to the present, and who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

12. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because her claims are substantially similar to collective action members or putative collective action members.

13. Plaintiff and putative collective action members are similarly situated because they work or worked as non-exempt, hourly-paid employees for Defendant, and are or were subject to Defendant's common practice, policy, or plan of failing to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

14. Defendant Huggins Metal Finishing Inc., d/b/a Sullivan Precision Metal Finishing, hired Plaintiff Candice Smith as a full-time Purchasing Agent on August 31, 2020.

15. As Purchasing Agent, Ms. Smith was a non-exempt hourly employee compensated at a starting rate of $11.50 per hour.

16. Defendant gave Ms. Smith frequent raises during her employment and her rate of pay at the time of her termination from the company was $15.00 per hour.

17. As Purchasing Agent, Ms. Smith's starting work schedule was Monday through Friday, 7:00 a.m. to 3:30 p.m.

18. Soon thereafter, in September or early October 2020, Huggins changed Ms. Smith's weekly schedule, by agreement, to 6:30 a.m. to 3:00 p.m.

19. In or about September, 2020, Sullivan Precision Metal Finishing General Manager Pam Huggins conducted new employee orientation training for Ms. Smith and others.

20. This new employee orientation was conducted in the Lunchroom at the company's 995 N. Service Rd. West location in Sullivan, Missouri.

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

21. During this orientation, Ms. Huggins discussed with Ms. Smith and the other employees in attendance the company's method of timekeeping.

22. In that meeting, the employees were advised that regardless of when an employee clocked in or out for their scheduled shift, the employee would only be paid in 15-minute intervals, rounded "up" for the "clock in" time and rounded "down" for the "clock out" time.

23. By way of example, if an employee clocked in at 7:48 a.m. for their scheduled 8:00 a.m. shift they would not be paid for the 12-minutes prior to 8:00 a.m. that they worked that day since they did not clock in at least 15-minutes early.

24. Similarly, if an employee clocked in at 7:35 a.m. for their 8:00 a.m. shift, that employee would only be paid an extra 15-minutes, and not for the 10-minutes between 7:35 a.m. and 7:45 a.m. that they then worked.

25. In addition, by way of example, if an employee clocked out at 5:10 p.m. at the end of their scheduled 8 a.m. – 5:00 p.m. work-shift, that employee would not be paid for the extra 10-minutes worked after 5:00 p.m. since that employee did not work at least 15-minutes past the end of the scheduled shift.

26. In addition, Ms. Smith and all others attending the orientation were also advised that in order to "make up" for clocking in late, and avoid being "docked" an equivalent time for having done so, hourly employees were required to make up for the missed time, either that day or on some other day during that pay period.

27. In addition, Ms. Smith and the others employees in attendance were told that if they failed to make up the aforementioned time, they would be docked an additional 15-minutes unless the missed time was allocated to available accrued but unused PTO.

28. During the orientation, Ms. Smith spoke with Ms. Huggins and advised her that another company of which she was aware had recently paid out $64,000,000 in settlement for a claim based on similar conduct.

29. Despite Ms. Smith's warning, the company executed the described practices throughout Ms. Smith's employment until approximately August 6, 2022, when it changed course after receiving numerous further objections to these practices by Ms. Smith and others.

30. On November 10, 2022, Sullivan Precision Metal Finishing terminated Ms. Smith in retaliation for having objected to Defendant's illegal wage practices.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Ms. Smith realleges and incorporates all allegations above as if actually set forth herein.

32. At all relevant times, Defendant Huggins Metal Finishing Inc., d/b/a Sullivan Precision Metal Finishing, was an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

33. At all relevant times, Defendant "employed" Ms. Smith and employees similarly situated to her within the meaning of the FLSA, 29 U.S.C. § 203(g).

34. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed more than forty hours in a work week. 29 U.S.C. § 207(a)(1).

35. At all relevant times, Ms. Smith and similarly situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

36. Ms. Smith and those employees similarly situated to her often worked more than forty hours per week.

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

37. While the FLSA allows an employer to round employee time to the nearest quarter hour, an employer violates the FLSA minimum wage and overtime pay requirements if the employer always rounds down.

38. Employee time from 1 to 7 minutes may be rounded down, and thus not counted as hours worked, but employee time from 8 to 14 minutes must be rounded up and counted as a quarter hour of work time. 29 CFR 785.48(b).

39. Defendant's pay practices were, and are, a gross misinterpretation of the FLSA regulations and have resulted in substantial under-compensation of Ms. Smith and similarly situated employees.

40. Defendant improperly deducted time from the timesheets of Ms. Smith and those employees similarly situated to her, under Defendant's illegal pay scheme.

41. At her orientation, Ms. Smith put Defendant on notice, through General Manager Pam Huggins, that Defendant's compensation policies were in violation of the law.

42. Throughout her employment, Ms. Smith and other similarly situated employees complained about Defendant's illegal pay practices.

43. Defendant ignored Ms. Smith's warning, and the complaints of Ms. Smith and others, and continued to apply its compensation policies in stark violation of the FLSA

44. Defendant thus willfully failed and refused to pay Ms. Smith and similarly situated employees for all hours worked including an overtime premium for all hours worked over forty in any given workweek.

45. As a result of Defendant's failure to compensate Ms. Smith and similarly situated employees for their overtime hours at a rate of not less than one and one-half times the regular rate of pay, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1).

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

46. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

48. Ms. Smith and similarly situated employees have suffered financial injury as a result of these violations of the FLSA by Defendant and are owed just compensation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Candice L. Smith, on behalf of herself and all those similarly situated to her, prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

2. An award of money damages for unpaid wages, including liquidated damages, in an amount to be determined at trial;

3. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4. Designation of Candice Smith as Representative Plaintiff of the collective action in this FLSA representative action;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

                Respectfully submitted,

                s/Edward J. Rolwes
                Edward Rolwes, MO Bar No. 51522
                THE CRONE LAW FIRM, PLC
                4818 Washington Blvd., #107
                St. Louis, Missouri, 63108
                901.737.7740 (voice)
                314.208.3865 (voice)
                901.474.7926 (fax)
                erolwes@cronelawfirmplc.com

                *Attorney for Plaintiff*

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643

## DECLARATION AND VERIFICATION

      I, Candice L. Smith, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Candice L. Smith*
_____
Candice L. Smith

Date: 06 / 26 / 2023

Doc ID: 9d32b32bb48483f276bf6c9b5497f2e52209c643



Audit trail

| | |
|---|---|
| **Title** | Ms. Candice Smith- Signature |
| **File name** | 06222023 Candice ...ady Complaint.pdf |
| **Document ID** | 9d32b32bb48483f276bf6c9b5497f2e52209c643 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | • Signed |

## Document History

**SENT**  
06 / 22 / 2023  
16:58:19 UTC-5  
Sent for signature to Candice Smith (candice6151@gmail.com) from jlc@cronelawfirmplc.com  
IP: 173.166.195.225

**VIEWED**  
06 / 26 / 2023  
15:48:47 UTC-5  
Viewed by Candice Smith (candice6151@gmail.com)  
IP: 107.116.7.37

**SIGNED**  
06 / 26 / 2023  
15:51:52 UTC-5  
Signed by Candice Smith (candice6151@gmail.com)  
IP: 107.116.7.37

**COMPLETED**  
06 / 26 / 2023  
15:51:52 UTC-5  
The document has been completed.

Powered by Dropbox Sign