# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE, hereinafter referred to as the Agreement, is entered into by and between Candice L. Smith [hereinafter "Smith"], and Huggins Metal Finishing, Inc. d/b/a Sullivan Precision Metal Finishing [hereinafter "Sullivan Metal"].

WHEREAS, on or about June 26, 2023, Smith filed a lawsuit in the United States District Court for the Eastern District of Missouri, Cause Number 4:23-cv-00821-MTS for alleged unpaid wages/overtime pay (hereinafter the "Litigation") on behalf of herself and others that are purportedly similarly situated to her, and also filed a Consent to Join the lawsuit on August 7, 2024;

WHEREAS, Sullivan Metal has denied all allegations raised by Smith in the Litigation; and,

WHEREAS, the parties wish to settle, compromise and fully resolve all disputes between them without any admission of law or fact by any of the parties in any respect whatsoever;

NOW, THEREFORE, for and in consideration of the foregoing, the mutual promises and covenants and agreements herein contained, the parties hereto covenant and agrees as follows:

1. The parties agree to settle all outstanding disputes between them for the sum of Twenty Five Thousand dollars and zero cents ($25,000.00) by Sullivan Metal to Smith as follows:

- Ten thousand dollars and zero cents($10,000.00) shall be paid to Smith with standard payroll taxes withheld, and an IRS W-2 shall be issued to her for this amount; and

- Fifteen thousand dollars($15,000) shall be paid to The Rolwes Employment Law Firm, and an IRS 1099 shall be issued to it for this amount.

2. Upon payment of the amounts in paragraph 1 in good and sufficient funds, Smith shall dismiss her claims in the Litigation ***with prejudice*** with each party to bear their respective costs, expenses and attorney's fees.

3. Release of Sullivan Metal: For good and valuable consideration and as part of, and in connection with this Agreement, Smith, individually and collectively, hereby completely releases and forever discharges Sullivan Metal, its officers (including but not limited to William Huggins, Jr., Ronald Huggins), directors, agents, employees (including but not limited to Pamela Huggins and Dana Huggins), lawyers, and any and all of its affiliated entities or companies, of and from any and all actions, causes of actions, losses, damages, attorneys fees and claims of any nature related to unpaid wages, overtime compensation, minimum wage, or any damages arising therefrom (such as interest, liquidated damages, attorney's fees, costs, etc.), including but not limited to claims under the Fair Labor Standards Act, Missouri Minimum Wage Law, or the common law, that are related in any manner to Smith's employment with Sullivan Metal and the end of such employment, whether known or unknown, whether arising at law or in equity or otherwise. This Release shall not apply to the parties' obligations set forth in this Agreement.

EXHIBIT A

4. <u>Confidentiality</u>. Smith agrees that she will keep the contents of this Agreement strictly and completely confidential; provided, however, that the parties shall be permitted to disclose the terms of this Agreement to the Court in the Litigation in connection with their joint efforts to obtain its approval of this resolution. Smith shall not communicate or otherwise disclose (other than her attorney, tax advisor, pursuant to lawful subpoena, or as may otherwise be required by law), the contents of this Agreement. Smith agrees that if she reveals any such information, then such act shall be deemed and treated as a breach of this paragraph for which the other parties will suffer damages. In the event that someone asks Smith about the Litigation, the only permitted response shall be that "all matters related to my pay in connection with my employment with Sullivan Metal have been resolved" or words of substantially similar substance and intended impact.

5. <u>Non-disparagement/no social media posting</u>. Smith agrees that she will not in any way criticize, speak negatively about, disparage, libel or slander Sullivan Metal or its present and former employees, agents, directors, or officers either orally or in writing at any time in the future. Smith further agrees that she will refrain from making any social media posts or comments about these individuals even if they are not disparaging, libelous or slanderous, and if any such posts or comments have been previously made, then these individuals agree that they will take any and all actions necessary in order to have them removed or deleted; provided, however, that Smith shall be permitted to list or post only the start and end dates that he worked for Sullivan Metal and her general job title and duties.

Smith agrees to refrain from making any reviews or comments media forums about his work for Sullivan Metal to any third parties, including but not limited to company review platforms (for example on Google Reviews, Angie's List, or any other similar forum, whether such forum is currently in existence or subsequently formed), and represents and warrants that she has not made any such reviews or comments to date.

6. The parties acknowledge that they have been encouraged to consult their attorneys of record before executing this Agreement and that they have in fact done so. The parties further acknowledge that in considering and deciding whether to sign this Agreement they have not relied upon any promise, representation or statement, either oral or written, that is not specifically contained in this agreement, and have not been threatened or coerced into signing this Agreement

7. The parties enter into this Agreement solely to avoid further expensive, burdensome and protracted litigation. Nothing in this Agreement constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability of the parties with respect to any claim that has been asserted or could have asserted in the Litigation. This Agreement and the parties' actions performed pursuant hereto shall not be deemed to be or construed as an admission of any allegations in the Litigation, nor shall they constitute any admission of any fact, liability or fault as to any claim. This Agreement shall not be used and is not intended to be used as evidence or for any other purpose in the Litigation or in any other action or proceeding, other than as evidence of the parties' compromise of their disputes and discharge of the claims released herein.

8. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their successors, assigns, legal representatives, heirs and legatees.

9. The parties represent that they have not heretofore assigned or transferred or purported to assign or transfer to any person or entity any claim or claims or any portion thereof that are being released herein.

10. This Agreement is made and entered into in the State of Missouri and shall in all respects be interpreted, enforced and governed under the laws of said State, and that any disputes related in any way to this Agreement shall be resolved by litigation in the Circuit Court of St. Louis County, Missouri and the parties hereby agree to submit to such jurisdiction. The parties hereby WAIVE TRIAL BY JURY in any action, proceeding or counterclaim brought by either of the parties to this Agreement against the other regarding any matter arising out of or in any way connected to this Agreement.

11. Should any one or more of the provisions hereof be determined to be illegal or unenforceable, all of the other provision hereof shall be given effect separately therefrom and shall not be affected thereby.

12. This Agreement contains the entire agreement of the parties with respect to its subject matter and supersedes all prior negotiations and agreements. There are no other agreements, promises, inducements, arrangements, understandings or contingencies between the parties.

13. This Agreement may be modified, altered or terminated only upon the express written consent of the parties hereto, which consent must be signed by the parties or their duly authorized agents.

14. The parties mutually warrant that they: (a) have negotiated the terms of this Agreement, (b) have consulted with counsel with respect to the terms hereof, (c) have read this Agreement, (d) understand all the terms and conditions hereof, (e) have had sufficient time in which to read and consider this Agreement, (f) are not incompetent or had a guardian, conservator, receiver or trustee appointed, and (g) enter into this Agreement of their own free will and volition

15. If either party sues the other party for enforcement of this Agreement, the prevailing party shall receive its reasonable attorneys' fees and expenses for pursuing said action.

16. This Agreement may be executed in one or more identical counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument. A facsimile or electronic mail copy of a signature shall be as valid as an original.

17. This Agreement is contingent upon receiving the parties' obtaining approval from the Court in the Litigation to settle their dispute. If the Court refuses to grant such approval, the parties agree to negotiate in good faith to eliminate any concerns that the Court expresses in order to be willing to grant such approval. In the event that the Court does not approve the parties' settlement, this Agreement shall be null and void and the parties shall be returned to their original positions in the Litigation as if this Agreement never existed.

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE is executed by SULLIVAN METAL, LLC this _____ day of November 2024.

HUGGINS METAL FINISHING, LLC

_William Huggins_
Signature

WilliAm Huggins
Printed Name

President
Title

STATE OF Missouri      )
                       ) SS
COUNTY OF Franklin     )

On this 25 day November 2024, before me personally appeared William Huggins, Jr, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed. IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the location aforesaid, the day and year first above written.

_Jamie L Harmon_
Notary Public
My Term Expires: 02/27/28

JAMIE L HARMON
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES FEBRUARY 27, 2028
CRAWFORD COUNTY
COMMISSION #24585360

This SETTLEMENT AGREEMENT AND MUTUAL RELEASE is executed by CANDICE L. SMITH this 21 day of November 2024.

CANDICE L. SMITH

_Candice Smith_
Signature

STATE OF MISSOURI    )
                     ) SS
COUNTY OF Washington )

On this 21 day of November 2024, before me personally appeared Candice L. Smith, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed. IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the location aforesaid, the day and year first above written.

_Paula Lang_
Notary Public
My Term Expires: 09/26/2025

PAULA LANG
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COUNTY OF WASHINGTON
COMMISSION #13531287
My Commission Expires: Sept. 26, 2025